UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
FILED
SEP - 6 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

DAVID EARL WATTLETON,

    Plaintiff,

v.               Civil Action No. 13-1355 UNA

D. SCOTT DODRILL,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. For the reasons stated below, the Court will grant the application and dismiss the complaint.

Plaintiff "was indicted for making telephonic bomb threats in violation of 18 U.S.C. § 1844," and a "jury found [him] not guilty only by reason of insanity." *United States v. Wattleton*, 110 F. Supp. 2d 1380, 1380 (N.D. Ga. 2000), *aff'd*, 296 F. 3d 1184 (11th Cir.), *cert. denied*, 537 U.S. 924 (2002). The district court "found that [plaintiff] was suffering from a severe mental disease and that his release would create a substantial risk of bodily injury and property damage to other persons." *Id.*, 110 F. Supp. 2d at 1381. "Consequently, [plaintiff was] committed pursuant to 18 U.S.C. § 4243(e)." *Id.*; *see* Compl. at 1 (page numbers designated by the Court). Because plaintiff has not been convicted of or sentenced for a violation of criminal law, *see* 28 U.S.C. § 1915(h), he is not a "prisoner to" whom the Prison Litigation Reform Act ("PLRA") applies. *See Wattleton v. Lappin*, 794 F. Supp. 2d 269, 272 ((D. Mass. 2011) (noting that the PLRA's exhaustion requirement "does not . . . apply to someone who, like the plaintiff, is civilly

1

committed").

Plaintiff now demands "injunctive relief . . . in the form of an order enjoining the defendant[] [from] requiring him to pay initial filing fees, and collecting monthly payments" from his prison trust account, as well as the "return [of] all funds collected pursuant to the PLRA." Compl. at 1. Because the PLRA does not apply to him, plaintiff contends that "the Fourth Circuits' [sic] rule requiring him to sign and file the authorization consent forms" pursuant to the PLRA is improper. *Id.* at 2. The Court presumes that plaintiff's reference to the Fourth Circuit pertains to its recent decision to deny his petition for a writ of mandamus "seeking an order directing the district court to return any monies taken from [his] institutional inmate trust fund account and cease taking money via consent form." *In re Wattleton*, __ F. App'x __, __, 2013 WL 3929099, at *1 (4th Cir. July 31, 2013) (per curiam) (internal quotation marks omitted). Plaintiff thus appears to challenge the Fourth Circuit's ruling, a matter over which this Court lacks jurisdiction. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States,* 847 F. Supp. 170, 172 (D.D.C. 1994), *aff'd*, 1994 WL 474995 (D.C. Cir. July 27, 1994) (per curiam), *cert. denied* 513 U.S. 1150 (1995).

An Order is issued separately.

/s/ 
United States District Judge

DATE: 8/21/13